UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>EDWARD ALAN MONK,<br><br>             Defendant. | NO. 2:93-mj-04001-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR POST-CONVICTION RELIEF** |

      Before the Court are Defendant's Motion for Review of Order of Removal by Magistrate Judge, ECF No. 9; Motion to Revise/Replace Motion for Review of Removal by Magistrate Judge, ECF No. 12; Motion for Oral Argument, ECF No. 13; Motion for Review of Grand Jury Transcripts and Order for Dismissal of Indictment Because of Prosecutorial Misconduct, ECF No. 14; First Motion to Amend/Correct Motions to Vacate Order and Motion to Dismiss Indictment, ECF No. 16; Motion Re: Response to Order to Show Cause & Relief Requested by Defendant, ECF No. 19; and Motion for Accommodation Under ADA, ECF No. 20. Defendant primarily seeks an Order (1) vacating an Order of Removal entered by United States Magistrate Judge for the Eastern District of Washington James E. Hovis; (2) dismissing the Indictment against him and overturning convictions entered by the United States District Court for the District of Nevada; (3) issuing a "Certificate of Innocence"; (4) expunging his conviction; and (5) providing Defendant with grand jury transcripts. ECF No. 19. The motion was heard without

oral argument. For the reasons set for herein, Defendant's motions for post-conviction relief, ECF Nos. 9, 12, 14, 16, 19, are **denied**.

The record demonstrates that Defendant was indicted in a multi-count indictment for various offenses relating to electronic communication interception devices on December 30, 1992 in the District of Nevada. ECF No. 9-1. An arrest warrant was issued and Defendant was arrested in Yakima, Washington on January 5, 1993. Defendant made his initial appearance in the Eastern District of Washington at Yakima on January 5, 1993 before Magistrate Judge Hovis.

Judge Hovis entered an Order for Removal on February 4, 1993 stating that Defendant was charged on a multi-count indictment in the District of Nevada on December 30, 1992, and that he initially appeared before Judge Hovis in Yakima, Washington on January 5, 1993, at which time Defendant was released upon his personal recognizance. At the initial appearance, Defendant waived an identity hearing with his counsel, James E. Egan, present. Judge Hovis ordered Defendant to appear before the United States Magistrate Judge on February 26, 1993 in Las Vegas, Nevada. Defendant was permitted to remain at liberty on his own personal recognizance pending his appearance in the District of Nevada. Defendant provided the Court with a signed Waiver of Rule 40 Hearings.

Defendant was tried by jury in Nevada. He was convicted of Count 3: Manufacture, Distribution, Possession of Electronic Communication Device in violation of 18 U.S.C. § 2512(1)(b), and Count 4: Unauthorized Use of Communications in violation of 47 U.S.C. § 605(e)(4). He was sentenced to three years of probation and fined $5,000. After trial, Defendant moved for a new trial based on "newly discovered evidence" pursuant to Fed. R. Crim. P. 33. Defendant's motion was denied by the district court and Defendant appealed. The Ninth Circuit upheld the district court's denial of Defendant's motion for a new trial on March 10, 1995.

//

**ORDER DENYING DEFENDANT'S MOTIONS FOR POST-CONVICTION RELIEF** ~ 2

In August 2016, Defendant filed a petition for a writ of mandamus and other motions requesting injunctive relief, dismissal of his conviction for lack of jurisdiction, summary judgment, and a certificate of innocence, among other forms of relief. ECF No. 22. The Ninth Circuit denied Defendant's mandamus petition finding that the case did not warrant such an extraordinary remedy, and on January 25, 2017, the Ninth Circuit denied Defendant's other motions to the extent they sought reconsideration of the court's denial of mandamus relief.

The Court initially characterized Defendant's motions for post-conviction relief as motions to vacate his sentence pursuant to 28 U.S.C. § 2255. Defendant, however, contends that his motions amount to a petition for writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, as he is no longer serving his sentence. Under either construction, Defendant's motions must be denied.

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such a sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." A motion for post-conviction relief pursuant to 28 U.S.C. § 2255 "must be heard in the sentencing court." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). While Defendant argues that the United States District Court for the District of Nevada lacked jurisdiction to convict and sentence him, a motion challenging the sentence must be heard in that court; this Court lacks jurisdiction to hear a 28 U.S.C. § 2255 motion in Defendant's case.

The All Writs Act, 28 U.S.C. § 1651, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." A "writ of error *coram nobis* is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005

**ORDER DENYING DEFENDANT'S MOTIONS FOR POST-CONVICTION RELIEF** - 3

(9th Cir. 2007). It is used when "the petitioner has served his sentence and is no longer in custody." *Estate of McKinney By and Through McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995) (citing *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994)). The Ninth Circuit has consistently held that a writ of error *coram nobis* can issue, if at all, only in aid of jurisdiction of the court in which the conviction was had, *i.e.*, the sentencing court. *See United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002); *Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955). It is undisputed that the court of conviction is the United States District Court for the District of Nevada. Accordingly, the District of Nevada is the proper venue and this Court lacks jurisdiction to issue a writ of error *coram nobis* or to hear any motion for post-conviction relief in Defendant's case.

Moreover, the Court denies Defendant's motion for oral argument, ECF No. 13. In this district, "the Court may decide that oral argument is not warranted and proceed to determine any motion without oral argument." LR 7.1(h). It is well established that oral argument is not required by due process. *Morrow v. Topping*, 437 F.2d 1155 (9th Cir. 1971).

Defendant also filed a Motion for Accommodation Under ADA, ECF No. 20, seeking appointment of an attorney.[1] This Court has authority to appoint counsel to represent the indigent under 28 U.S.C. § 1915(e)(1) when there is a likelihood of success on the merits and the petitioner is unable, *pro se*, to sufficiently present his or her case. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Moreover, in a criminal case, "[t]he mandatory requirement of the Sixth Amendment regarding right to counsel[] does not apply to indigent movants under 28 U.S.C. § 2255." *Dillon v. United States*, 307 F.2d 445, 446 (9th Cir.

---

[1] Assuming Defendant has sufficiently alleged a covered disability, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, does not mandate appointment of an attorney for individuals with disabilities.

**ORDER DENYING DEFENDANT'S MOTIONS FOR POST-CONVICTION RELIEF** - 4

1962). The decision "whether or not counsel should be appointed in a Section 2255 proceeding rests within the sound discretion of the district court," and "[t]he desirability of appointing counsel in these proceedings has . . . been recognized where complex issues of fact are involved." *Id.* at 452-53 (citations omitted). There are no such complex issues of fact involved here and Defendant has not shown a likelihood of success on the merits. The Court lacks jurisdiction to hear Defendant's motions for post-conviction relief and consequently denies Defendant's motion to appoint counsel.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Review of Order of Removal by Magistrate Judge, ECF No. 9, is **DENIED**.

2. Defendant's Motion to Revise/Replace Motion for Review of Removal by Magistrate Judge, ECF No. 12, is **DENIED**.

3. Defendant's Motion for Oral Argument, ECF No. 13, is **DENIED**.

4. Defendant's Motion for Review of Grand Jury Transcripts and Order for Dismissal of Indictment Because of Prosecutorial Misconduct, ECF No. 14, is **DENIED**.

5. Defendant's First Motion to Amend/Correct Motions to Vacate Order and Motion to Dismiss Indictment, ECF No. 16, is **DENIED**.

6. Defendant's Motion Re: Response to Order to Show Cause & Relief Requested by Defendant, ECF No. 19, is **DENIED**.

//
//
//
//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTIONS FOR POST-CONVICTION RELIEF** + 5

7. Defendant's Motion for Accommodation Under ADA, ECF No. 20, is **DENIED**.

The District Court Clerk is hereby directed to enter this order and provide copies to counsel and pro se Defendant and **close** this file.

**DATED** this 17th day of August, 2017.



_Stanley A. Bastian_
Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTIONS FOR POST-CONVICTION RELIEF** + 6