UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>EDWARD ALAN MONK,<br><br>        Defendant. | NO. 2:93-mj-04001-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court are Defendant's Motion for Reconsideration, ECF No. 27, and Second Legal Notice of an Active RICO Enterprise, ECF No. 28. Defendant asks the Court to reconsider its Order denying Defendant's various motions for post-conviction relief for lack of jurisdiction. Because Defendant has identified no valid reason for the Court to reconsider its previous Order, Defendant's motions are denied.

While the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, the Ninth Circuit has held that post-judgment motions for reconsideration may be filed in criminal cases. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). "Courts have held that motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *U.S.A. v. Krug*, No. CR09-01148-MMM, 2012 WL 12973474, at *1 (C.D. Cal. Oct. 24, 2012).

//

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** ~ 1

Under the Federal Rules of Civil Procedure, the Court can grant relief on a motion for reconsideration under Rule 59 or Rule 60. First, a party may ask the Court to reconsider and amend a previous order. Fed R. Civ. P. 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion may be granted when: (1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; and (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Turner v. Burlington N. Santa Fe R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003). Second, the Court may provide relief from an order under Rule 60 for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

On August 17, 2017, the Court entered an Order denying Defendant's motions for post-conviction relief. ECF No. 25. Specifically, the Court held that it lacked jurisdiction to hear a 28 U.S.C. § 2255 motion to vacate sentence or a petition for writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651. Either motion is only properly brought in the Court of conviction. It is

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** + 2

undisputed that the United States District Court for the Eastern District of Washington is **not** the court of conviction. Rather, Defendant was convicted in the District of Nevada. Accordingly, this Court cannot legally grant the relief that Defendant seeks.

In his motions, Defendant makes the same arguments that he previously made to the Court. He has not identified a change in controlling law or newly discovered evidence. Defendant likewise has not made a showing that a manifest error occurred. He has not identified any mistake or fraud or that the judgment is void or was vacated. A motion for reconsideration is not the proper vehicle for rehashing arguments that were previously fully considered. *Par Elec. Contractors, Inc. v. Blueline Rental LLC*, No. 2:16-cv-0246-TOR, 2017 WL 272901, at *1 (E. D. Wash. March 17, 2017). This Court is not the proper venue for a petition for writ of error *coram nobis*. No prejudice exists and Defendant is free to file his motions in the United States District Court for the District of Nevada.

Moreover, the Court declines to issue a Certificate of Appealability. As the Court previously noted, Defendant's motions for post-conviction relief are properly characterized as a petition for writ of error *coram nobis* because Defendant is no longer serving a sentence and thus, not eligible for relief pursuant to 28 U.S.C. § 2255. Because this is not a § 2255 proceeding, a certificate of appealability is not a prerequisite to appeal. *See* Fed. R. Crim. P. 22 (in a § 2255 proceeding, the applicant cannot take an appeal unless a circuit or district judge issues a certificate of appealability).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration, ECF No. 27, is **DENIED**.
2. Defendant's Second Legal Notice of an Active RICO Enterprise, ECF No. 28, is **DENIED**.
3. Defendant's request for a Certificate of Appealability is **DENIED**.

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** + 3

4. Defendant **shall** not file any additional documents in the above-captioned case.

The District Court Clerk is hereby directed to enter this order and provide copies to counsel and pro se Defendant and **close** this file.

**DATED** this 27th day of October 2017.



_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** + 4